UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NELSON QUINTANILLA, ALEJANDRO
AMAYA, ALEX AMIR, AREVALO MAYNOR
FAJARDO, WALTER GARCIA, JOSE L.
MARTINEZ, PRACELIS MENDEZ, OSMAR W.
PAGOADA, JAVIER QUINTANILLA, EDWIN
RIVERA, CARLOS ESCALANTE, KEVIN
GALEANO, LERLY NOE RODRIGUEZ, JOSE
VEGA CASTILLO, JUAN QUINTEROS and
MARCOS TULIO PEREZ,

                 Plaintiffs,

                                             ORDER
     -against-                            09-cv-5331(SJF)(AKT)

SUFFOLK PAVING CORP., SUFFOLK
ASPHALT CORP., LOUIS VECCHIA,
CHRISTOPHER VECCHIA, HELENE VECCHIA
and JOHN DOES 1-5,

                 Defendants.
----------------------------------------------------------------X
FEUERSTEIN, J.

On December 7, 2009, plaintiffs Nelson Quintanilla, Alejandro Amaya, Alex Amir, Arevalo Maynor Fajardo, Walter Garcia, Jose L. Martinez, Pracelis Mendez, Osmar W. Pagoada, Javier Quintanilla, Edwin Rivera, Carlos Escalante, Kevin Galeano, Lerly Noe Rodriguez, Jose Vega Castillo, Juan Quinteros and Marcos Tulio Perez (collectively, "plaintiffs") commenced this action pursuant to, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and the New York Labor Law against defendants Suffolk Paving Corp., Suffolk Asphalt Corp., Louis Vecchia, Christopher Vecchia, Helene Vecchia and John Does 1-5 ("collectively, "defendants"), to collect unpaid wages. By electronic order entered August 30, 2010, defendants' motion to dismiss the complaint and compel arbitration was referred to Magistrate Judge William D. Wall

1

for a report and recommendation in accordance with 28 U.S.C. § 636(b). Subsequently, Magistrate Judge Wall recused himself in this matter and the case was reassigned to Magistrate Judge A. Kathleen Tomlinson. By Report and Recommendation dated February 10, 2011 ("the Report"), Magistrate Judge Tomlinson recommended that defendants' motion be denied and that plaintiffs' motion to amend their amended complaint be granted and plaintiffs be permitted to file their Revised Proposed Second Amended Complaint. No objections have been filed to the Report.[1] For the reasons stated herein, the Report of Magistrate Judge Tomlinson is accepted in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b);

---

[1] By order entered February 18, 2011, defendants' application to file a partial objection to the Report directly to Magistrate Judge Tomlinson was granted. However, by letter dated March 2, 2011, defendants subsequently advised that they would not be filing any objection to the Report.

2

Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

No party has filed any objections to Magistrate Judge Tomlinson's Report. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts Magistrate Judge Tomlinson's Report as an Order of the Court. For the reasons set forth therein, defendants' motion to dismiss and compel arbitration is denied and plaintiffs' motion for leave to file a second amended complaint is granted. Plaintiffs must file their Revised Proposed Second Amended Complaint in accordance with the Report within ten (10) days from the date of entry of this order or they will be deemed to have waived their right to amend the amended complaint.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 28, 2011
Central Islip, New York

3