**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
NELSON QUINTANILLA, ALEJANDRO
AMAYA, AREVALO MAYNOR FAJARDO,
WALTER GARCIA, JOSE L. MARTINEZ,
PRACELIS MENDEZ, OSMAR W. PAGOADA,
JAVIER QUINTANILLA, EDWIN RIVERA,
CARLOS ESCALANTE, KEVIN GALEANO,
LERLY NOE RODRIGUEZ, JOSE VEGA
CASTILLO, JUAN QUINTEROS, MARCOS
TULIO PEREZ,

       Plaintiffs,

   - against -

SUFFOLK PAVING CORP., SUFFOLK
ASPHALT CORP., LOUIS VECCHIA,
CHRISTOPHER VECCHIA, HELENE
VECCHIA, JOHN DOES #1-5,

       Defendants.
-----------------------------------------------------------X

**ORDER**

09-CV-5331 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

At a prior conference, counsel for Defendants requested that Plaintiffs Maynor Fajardo and Pracelis Mendez produce retainer agreements with their attorneys in the allegedly retaliatory state court litigation brought against them by the Defendants. DE 92. In the Third Amended Complaint, Plaintiffs state the following:

> 3.  Plaintiffs Maynor Fajardo and Pracelis Mendez assert retaliation claims against Defendants for filing unjustified lawsuits against them.

       \*   \*   \*

> 145.  After this lawsuit was filed, Defendant Suffolk Paving Corp. filed a lawsuit against Pracelis Mendez in Suffolk Supreme Court which has Index No. 10-14874.

146. Defendant Suffolk Paving also filed two lawsuits against Maynor Fajardo, one in Suffolk Supreme Court which has Index No. 10-14871 and one in Suffolk County District Court, Ronkonkoma Part, which has Index No. 10-005370.

147. These lawsuits have no merit and are based on incidents that occurred as early as 2004.

148. Defendant Suffolk Paving Corp. only brought these lawsuits in April 2009 against these Plaintiffs because these Plaintiffs brought a lawsuit against Defendants.

149. As a result of Defendants' unlawful conduct, plaintiffs have incurred, and still incur legal fees, and have been damaged in an amount that has yet to be determined.

Third Am. Compl. ¶¶ 3, 145-149 [DE 115].

Defendants' counsel argues that these allegations contradict statements made by Fajardo and Mendez at their depositions to the effect that they had not paid their attorneys anything to defend these claims. Therefore, Defendants seek the production of the retainer agreements. Pursuant to the Court's directives, Plaintiffs' counsel submitted the agreements for *in camera* review, along with translations from the original Spanish language.

The Court notes that a "long and unbroken line of cases in this Circuit have established that 'in the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice.'" *Torres v. Toback, Bernstein & Reiss LLP*, No. CV 11-1368, 278 F.R.D. 321, 322 (E.D.N.Y. 2012) (*Vingelli v. United States*, 992 F.2d 449, 452 (2d Cir. 1993) (collecting cases)). Clearly, the retainer agreements in this case are not privileged. However, the question remains whether they are relevant. Having conducted the *in camera* review, it is clear to the Court that Maynor Fajardo entered into a written agreement with the Law Offices of Ian Wallace,

PLLC in which he agreed to pay the law firm an initial retainer as well as an hourly fee to provide legal services in connection with the complaint filed against Mr. Fajardo by his former employer, Suffolk Paving Corp., in the Suffolk County Supreme Court. Although there is some relevance with regard to establishing that plaintiffs Mendez and Fajardo hired the Wallace law firm to represent them in the state court and to pay legal fees for that representation, the more relevant issue here is the amount of legal fees incurred in connection with the state court proceeding and for which these plaintiffs seek damages in the form of reimbursement of those fees. Consequently, the Court finds that the billing records of the Wallace law firm would more directly establish the damages which these two plaintiffs are asserting here for the purportedly retaliatory litigation, assuming that Plaintiffs were to be successful on the liability phase of the case.

In view of the foregoing information, I am directing Plaintiffs' counsel to produce the firm's contemporaneous billing records reflecting the fees and expenses incurred in connection with defending the allegedly retaliatory litigation in state court. To the extent that there is any privileged information in those statements, counsel may redact the records accordingly. The statements are to be produced by December 31, 2012.

**SO ORDERED.**

Dated: Central Islip, New York
December 12, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge