UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON QUINTANILLA, ALEJANDRO AMAYA, ALEX AMIR ARÉVALO, MAYNOR FAJARDO, WALTER GARCIA, JOSÉ L. MARTINEZ, PRACELIS MENDEZ, OSMAR W. PAGOADA, JAVIER QUINTANILLA, EDWIN RIVERA, CARLOS ESCALANTE, KEVIN GALEANO, LERLY NOE RODRIGUEZ, JOSÉ VEGA CASTILLO, JUAN QUINTEROS, and MARCOS TULIO PEREZ,<br><br>                **Plaintiffs,**<br><br>– against –<br><br>SUFFOLK PAVING CORP., SUFFOLK ASPHALT CORP., LOUIS VECCHIA, CHRISTOPHER VECCHIA, HELENE VECCHIA and JOHN DOES 1-5,<br><br>                **Defendants.** | Case No.: 09-CV-5331 (AKT) |

## DEFENDANTS' TRIAL MEMORANDUM OF LAW

Saul D. Zabell, Esq.
Zabell & Collotta, P.C.
Attorneys for Defendants
1 Corporate Drive, Suite 103
Bohemia, New York 11716
(631) 589-7242
szabell@laborlawsny.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

DEFENSES TO BE PRESENTED ....................................................................................1

    I.  Helene Vecchia is not an "Employer" within the meaning of the
       FLSA or NYLL ....................................................................................................1

    II.  Defendants did not Retaliate against any Plaintiff under the FLSA or NYLL .......3

    III. Plaintiffs were appropriately compensated for all hours worked ...........................5

    IV. Plaintiffs are not entitled to compensation for non-compensable travel time .........6

    V.  Plaintiffs cannot succeed on a claim for Third-Party Beneficiary Breach
       of Contract for an alleged Failure ........................................................................8

    VI. Plaintiff Alex Arevalo was not employed by any Defendant
       named in this Action.............................................................................................9

    CONCLUSION .............................................................................................................10

## TABLE OF AUTHORITIES

**CASES**

**United States Supreme Court**

*Anderson v. Mt. Clemens Pottery Co.*,
　328 U.S. 680 (1946) .................................................................................. 5, 6

**United States Court of Appeals**

*Greathouse v. JHS Security Inc.*,
　784 F.3d 105 (2d Cir. 2015) ........................................................................ 3

*Grochowski v. Phoenix Constr.*,
　318 F.3d 80 (2d Cir. 2003) .......................................................................... 5

*Herman v. RSR Sec. Services Ltd.*,
　172 F.3d 132 (2d Cir. 1999) ........................................................................ 1

*Kavanagh v. Grand Union Co.*,
　192 F.3d 269 (2d Cir. 1999) ........................................................................ 7

*Madeira v. Affordable Hous. Found., Inc.*,
　469 F.3d 219 (2d Cir. 2006) ........................................................................ 8

*Mullins v. City of New York*,
　626 F.3d 47 (2d Cir. 2010) .......................................................................... 3

*Singh v. City of N.Y.*,
　524 F.3d 361 (2d Cir. 2008) ........................................................................ 7

**United States District Court**

*Berrezueta v. Royal Crown Pastry Shop, Inc.*,
　No. 12 Civ. 4380 (RML), 2014 WL 3734489 (E.D.N.Y. Jul. 28, 2014) ................................. 1

*Berrios v. Nicholas Zito Racing Stable, Inc.*,
　849 F. Supp. 2d 372 (E.D.N.Y. 2012) ................................................................ 1

*D'Amato v. Five Star Reporting, Inc.*,
　80 F. Supp. 3d 395 (E.D.N.Y. 2015) ................................................................ 4

*Eschmann v. White Plains Crane Svc., Inc.*,
　No. 11 Civ. 5881 (KAM) (VVP), 2014 WL 1224247 (E.D.N.Y. Mar. 24, 2014) ................... 3

*Flores v. Mamma Lombardi's of Holbrook, Inc.,*
  942 F. Supp. 2d 274 (E.D.N.Y. 2013) ................................................................ 4

*Indergit v. Rite Aid Corp.,*
  52 F. Supp.3d 522 (S.D.N.Y. 2014) ................................................................. 5

*Ramirez v. Rifkin,*
  568 F. Supp. 2d 262 (E.D.N.Y. 2008) .............................................................. 6

*Ramirez v. Riverbay Corp.,*
  35 F.Supp.3d 513 (S.D.N.Y. 2014) .................................................................. 1

*Rivera v. Ndola Pharmacy Corp.,*
  497 F. Supp. 2d 381 (E.D.N.Y. 2007) .............................................................. 5

*Santos v. ET & K Foods, Inc.,*
  No. 16 Civ. 7107 (DLI) (VMS), 2017 WL 9256490 (E.D.N.Y. June 27, 2017) ..................... 3

*Seidel v. Hoffman Floor Covering Corp.,*
  No. 09 Civ. 4027 (JS) (WDW), 2012 WL 3064153 (E.D.N.Y. Jul. 26, 2012) ...................... 8

*Sell It Soc., LLC v. Strauss,*
  No. 15 Civ. 970 (PKC), 2018 U.S. Dist. LEXIS 150669 (S.D.N.Y. Mar. 8, 2018) ................ 4

*Wang v. Palmisano,*
  157 F. Supp. 3d 306 (S.D.N.Y. 2016) ............................................................ 4

## STATUTES, RULES & REGULATIONS

29 C.F.R. § 785.35 .................................................................................. 7

29 U.S.C. § 203 ..................................................................................... 9

29 U.S.C. § 215 ..................................................................................... 3

29 U.S.C. § 254 ..................................................................................... 7

## PRELIMINARY STATEMENT

Defendants, Suffolk Paving Corporation ("SPC"), Suffolk Asphalt Corporation ("SAC"), Louis Vecchia, Helene Vecchia and Christopher Vecchia, respectfully submit this trial memorandum pursuant to the Court's Order of October 24, 2018 and Your Honor's Individual Rules of Practice.

## DEFENSES TO BE PRESENTED

### I.  Helene Vecchia is not an "Employer" within the Meaning of the FLSA or NYLL.

To establish personal liability against an individual defendant, plaintiffs must first establish that the individual qualifies as an "employer" within the scope of the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). Such an inquiry is determined by a totality of the circumstances and in accordance with "economic realities test." *See Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *See Ramirez v. Riverbay Corp.*, 35 F.Supp.3d 513, 520 (S.D.N.Y. 2014); *Berrezueta v. Royal Crown Pastry Shop, Inc.*, No. 12 Civ. 4380, 2014 WL 3734489, at *8 n.2 (E.D.N.Y. Jul. 28, 2014) ("[C]ourts have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA.") (internal quotations omitted); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 393 (E.D.N.Y. 2012) ("The definition of employer is equally expansive under New York Law and the economic reality test is used to determine whether an individual is an employer under both federal and state law.") (internal citations omitted). Under the "economic realities" test, the relevant factors include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Id.* While no factor alone is dispositive, the overarching concern is whether the individual exercised the power to

1

control the workers in question. *Id.* at 139. Under the economic realities test, each individual Plaintiff will be unable to prove, based upon a preponderance of the evidence, Defendant Helene Vecchia is an employer.

Helene Vecchia did not have the power to hire or fire any of the Plaintiffs. Tellingly, not a single Plaintiff has asserted that he was either hired or fired by Helene Vecchia. Helene Vecchia's authority to hire and fire was limited to certain office staff with whom she had direct contact and worked with on a regular or semi-regular basis. None of the Plaintiffs worked directly with Helene Vecchia and none allege otherwise.

Concerning the second element, it is undisputable that Helene Vecchia did not supervise or control the work schedule of any Plaintiff. Plaintiffs' work schedules were determined as necessary by Louis Vecchia or Christopher Vecchia, whom secured the contracts and directed where workers would be assigned.

Similarly, Plaintiffs will be unable to establish the third required element; i.e., that Helene Vecchia determined the rate and method of payment. While Helene Vecchia processed payroll, she did not have the authority to determine the rates of pay of each employee. The power to determine rates of pay solely rested with Louis Vecchia. Louis Vecchia informed Helene Vecchia of each employee's respective rate of pay. Helene Vecchia was not empowered to exercise any independent judgment as to how an individual would be paid.

Finally, Helene Vecchia did not have express authority to maintain records. Consistent with their deposition testimony, Plaintiffs will not be able to provide evidence demonstrating otherwise. Plaintiffs concede that all conversations relating to terms and conditions of their employer were with Louis Vecchia or Christopher Vecchia.

## II.     Defendants did not Retaliate against any Plaintiff under the FLSA or NYLL

"Under the FLSA anti-retaliation provision, an employer is prohibited from discriminating against or discharging 'any employee because such employee has filed any complaint . . . under or related to this chapter.'" *Eschmann v. White Plains Crane Svc., Inc.*, No. 11 Civ. 5881, 2014 WL 1224247, at *10 (E.D.N.Y. Mar. 24, 2014) (quoting 29 U.S.C. § 215(a)(3)); *see also Santos v. ET & K Foods, Inc.*, 16 Civ. 7107, 2017 WL 9256490, at *3 (E.D.N.Y. June 27, 2017). To succeed on a claim of retaliation under the FLSA, a Plaintiff must prove a *prima facie* case. A plaintiff must set forth the following elements to establish a *prima facie* claim of unlawful retaliation: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010); Santos, 2017 WL 9256490, at *3.

For the purposes of the FLSA, an individual engages in a protected activity when he has filed or otherwise complained about an employer's violations of the FLSA. For the purposes of the NYLL, an individual engages in a protected activity when he has filed or made a complaint about an employer's improper pay practices. In both such instances, the Plaintiff must prove that the Defendant or Defendants against whom he asserts his claim was aware that he engaged in a protected activity. *Greathouse v. JHS Security Inc.*, 784 F.3d 105, 113 (2d Cir. 2015).

Plaintiffs will not be able to prove the second element of their claims, that they were each subject to an adverse employment action. An adverse employment action is an action taken that negatively affects the terms, privileges, duration, or conditions of a Plaintiff's employment or

3

prospective employment. An employment action is deemed "adverse" under the FLSA if that action might have "dissuaded a reasonable worker from making or supporting" a charge of discrimination. *D'Amato v. Five Star Reporting, Inc.*, 80 F. Supp. 3d 395, 420 (E.D.N.Y. 2015); *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 942 F. Supp. 2d 274, 278 (E.D.N.Y. 2013). Many of the Plaintiffs abandoned their respective positions and not surprisingly assert they were somehow constructively discharged. Plaintiffs will not be able to prove these claims. The simple fact, which Defendants will make abundantly clear for the jury, is that most of the Plaintiffs left employment or did not seek re-employment after the close of the seasonal operations. This scenario is inconsistent with claims of constructive discharge.

In order to establish the required causal connection, a plaintiff must allege (1) direct proof of retaliatory animus directed against the plaintiff; (2) disparate treatment of similarly situated employees; or (3) that the retaliatory action occurred close in time to the protected activities. Temporal proximity, or the time between the alleged retaliatory act and the alleged protected activity, must be very close for purposes of retaliation claim. *Sell It Soc., LLC v. Strauss*, 2018 U.S. Dist. LEXIS 150669, at *37 (S.D.N.Y. Mar. 8, 2018); *Wang v. Palmisano*, 157 F. Supp. 3d 306, 327 (S.D.N.Y. 2016).

Even if Plaintiffs are able to present evidence to satisfy the elements of a *prima facie* case, the fact remains that Defendants have a legitimate, non-discriminatory reason for each and every action taken against them. In considering the legitimate, non-discriminatory reason stated by Defendant or Defendants for their decision, the jury may not second-guess that decision or to otherwise substitute their judgment for that of the Defendant of Defendants. For instance, Plaintiff Fajardo was terminated from his employment months before the lawsuit was commenced. Additionally, several Plaintiffs did not seek employment in the season following the filing of the

4

lawsuit. Also, Defendants secured a full staff prior to several of the Plaintiff's seeking work for the 2010 paving season. These examples delineate the defective nature of Plaintiffs' claims of retaliation

## III.    Plaintiffs were appropriately compensated for all hours worked.

Under the FLSA, it is the employee who, at all times, "has the burden of proving that he performed work for which he was not properly compensated." *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007) (*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, (1946)). Each Plaintiff has to prove multiple elements to succeed on a claim of failure to pay overtime wages under the FLSA and NYLL. First, each Plaintiff must prove that they were employees of each Defendant during the relevant time period. Second, Plaintiffs must establish the number of hours worked by each Plaintiff for each workweek during his respective employment. Third, Plaintiffs must prove that they were compensated in an amount less than the amount to which they are legally entitled.

Concerning Plaintiff's burden to establish the number of hours they worked, "[w]hen the employer has kept proper and accurate records, the employee may easily discharge his burden by securing the production of those records." *Anderson*, 328 U.S. at 687. In the absence of records, the employee may meet this burden if he proves that he has in fact performed work for which he was improperly compensated. *Id*. To prove an FLSA violation or recoup back wages, a plaintiff "must present sufficient evidence for the jury to make a reasonable inference as to the number of hours worked" by the employee. *See e.g., Indergit v. Rite Aid Corp.*, 52 F. Supp.3d 522, 525 (S.D.N.Y. 2014); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 88 (2d Cir. 2003). If the plaintiff meets this burden, the duty then shifts to the employer to come forward with evidence of the precise

amount of work performed or with "evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 688; *see also Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 273 (E.D.N.Y. 2008) (stating that after plaintiff meets his initial burden, "[t]he burden then shifts to the employer to show that the inference is not reasonable."). In the present case, even applying the *Anderson* inference, Plaintiffs' contradictory and in many respects, fanciful allegations alone are insufficient to establish Defendants' alleged underpayment of overtime compensation. Each Plaintiff has provided divergent accounts of his respective term of employment with the Corporate Defendants. Plaintiffs would have the jury believe that they were compensated for some, but not all, overtime worked while simultaneously presenting a case that at no point were they provided with overtime compensation. This in congruity alone is sufficient for Defendants to Defeat Plaintiffs' claims.

While Plaintiffs will attempt to provide some rationale for their inconsistent testimony, Defendants will rely upon the payroll records that accurately reflect the hours worked by and wages paid to each employee. These records demonstrate that a substantial amount of overtime was provided to Plaintiffs during their terms of employment. Further, Defendants will not need to rely solely upon their own testimony to authenticate the accuracy of the payroll records. Indeed, Plaintiffs have previously testified as to the accuracy of the payroll records. Accordingly, it stands to reason Plaintiffs will be unable to meet their burden of disproving the contents of the payroll records.

## IV.    Plaintiffs are not entitled to compensation for non-compensable travel time.

A central dispute in this case is whether Plaintiffs should have been compensated for the time prior to commencing and after stopping their work on the various job sites. It is not disputed

that Plaintiffs were paid only for work that they performed at the various job sites. Plaintiffs contend, however, that they should be compensated for the time before and after working at the job site. However, this time is not compensable under the Portal-to-Portal Act, 29 U.S.C. § 254(a), which removes employers' obligation to compensate employees for:

> "(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and; (2) activities which are preliminary to or post-liminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities."

An employee's "[n]ormal travel from home to work is not worktime," 29 C.F.R. § 785.35, and not compensable, *Kavanagh v. Grand Union Co.*, 192 F.3d 269, 272 (2d Cir. 1999), unless the employee performs work while commuting that is "integral and indispensable" to a principal employment activity, *Singh v. City of N.Y.*, 524 F.3d 361, 367 (2d Cir. 2008).

In the case here, Plaintiffs will not be able to establish that they should be compensated for time spent traveling to and from the job-site. Outside of very specific circumstances, Plaintiffs were not required to travel to Defendants' facility each day. Rather, Plaintiffs were provided transportation to and from the job-site as a benefit. While Defendants do not deny that certain Plaintiffs picked up and dropped off certain employees at their respective homes while using Company vehicles, this was again provided as a courtesy. It was mandatory for each individual employee to have the ability to get to and from the job site each day. Since certain individuals did not possess their own vehicles, or chose not to utilize them, they made arrangements with co-workers to secure transportation. Employees were again granted the courtesy and benefit of being able to use Company vehicles for this purpose. This was not an "integral and indispensable" job duty assigned to any of the Plaintiffs, but rather, was an arrangement the employees of the

Corporate Defendants voluntarily arranged. Accordingly, the time spent traveling to and from the job site is non-compensable travel time under the Portal-to-Portal Act.

**V.    Plaintiffs cannot succeed on a claim for Third-Party Beneficiary Breach of Contract for an Alleged Failure.**

Under New York law, "'[a] party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost.'" *Seidel v. Hoffman Floor Covering Corp.*, No. 09 Civ. 4027, 2012 WL 3064153, at *2 (E.D.N.Y. Jul. 26, 2012) (quoting *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006)). To prevail on their third-party beneficiary breach of contract claims, Plaintiffs must prove: (1) one or more of the Defendants entered into contracts that to which Plaintiffs were an intended beneficiary; (2) one or more Plaintiffs performed work under the contracts and are eligible to receive the benefits set forth under that contract; (3) the Defendant or Defendants that entered into the contract failed to issue to one or more Plaintiffs the benefits to which they are entitled; and (4) one or more Plaintiffs were injured in the process because of Defendants' failures to issue to the benefits to which one or more Plaintiffs are entitled. Plaintiffs will not be able to prove each element necessary to succeed upon their respective claims.

Plaintiffs' claims are made against each and every Defendant named in this litigation, Suffolk Paving Corp., Suffolk Asphalt Corp., Louis Vecchia, Christopher Vecchia, and Helene Vecchia. However, Plaintiffs' cannot satisfy the first required element concerning the individual defendants. While the corporate Defendants did in fact enter into contracts for asphalt paving work and services with various entities, the individual Defendants were not parties or signatories to any

8

such contracts. Accordingly, Plaintiffs will be unable to advance their claims as against the individual Defendants.

The corporate Defendants concede that certain contracts were "public works" contracts and by extension, required the corporate Defendants to pay the "prevailing wage rate" to any employee performing certain defined work under the contract. The corporate Defendants recognize that the legal obligation to provide payment at the "prevailing wage rate" is a benefit intended for employees.

However, the claims of each Plaintiff will fail because they will be unable to prove that the corporate Defendants failed to issue to any one of them the benefits to which they are entitled. The corporate Defendants will present evidence proving that each Plaintiff was paid at the prevailing wage rate when performing work on public works projects. Defendants possess, and have produced certain payroll documentation that demonstrates that Plaintiffs were paid at the prevailing wage rate. Plaintiffs have reviewed the payroll documentation and concede the accuracy of the documentation. Accordingly, Plaintiffs will be unable to meet the burden necessary to disprove the contents of the payroll records. Moreover, Plaintiffs have not produced any evidence that would support their claims. Instead, they will rely upon their own self-serving testimony, which has been proven time and time again to be false and inaccurate.

## VI. Plaintiff Alex Arevalo was not employed by any Defendant named in this Action

To be held liable under the FLSA, a person or an entity must be an "employer," within the scope of 29 U.S.C. § 203(d). An entity "employs" an individual under the FLSA if it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g). Plaintiff Arevalo will be unable to prove that he was employed by any of the Defendants named herein. Documentary evidence exists that

9

proves that Plaintiff Arevalo worked for separate and distinct corporate entities during the same time period he has alleged he was employed by Defendants.

## CONCLUSION

For all the foregoing reasons, Defendants anticipate that they will be successful on each and every claim brought by Plaintiffs herein.

Dated: Bohemia, New York
March 27, 2019

ZABELL & COLLOTTA, P.C.
Attorneys *for Defendants*

By: _____
Saul D. Zabell, Esq.
Zabell & Collotta, P.C.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com