| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON          DATE:   4-5-2019
          U.S. MAGISTRATE JUDGE           TIME:   4:15 p.m. (40 minutes)

*Quintanilla et al. v. Suffolk Paving Corp., et al.*
CV 09-5331 (AKT)

TYPE OF CONFERENCE:        **TELEPHONE STATUS CONFERENCE**

APPEARANCES:   Plaintiff:    Ian F. Wallace

               Defendant:    Saul Zabell

FTR:  4:15-

THE FOLLOWING RULINGS WERE MADE:

1. As to DE 193, the letter filed yesterday by Plaintiffs' counsel, the Court informed Attorney Wallace that his client, Jose Vega Castillo has a deadline of the close of evidence in the trial to provide an executed voluntary dismissal of his federal claims in this action. Mr. Wallace

2. The Court next addressed Plaintiffs' previous argument about the inclusion of exhibits on Defendants' exhibit list which Plaintiffs claim were never produced to them. The Court stated on the record various submission from the parties, along with a minute order from the Court, all of which were entered in the docket in 2011 and which show that Plaintiffs were given the opportunity, after many delays which were the not the fault of the Plaintiffs, to inspect the documents at issue in the Suffolk County District Attorney's Office. The Court called attention to DE 37, 39, 40, 44, 47, and 49, which indicate that both sides had the opportunity to examine and copy documents in the custody of the DA's Office in 2011. Although Defendants did not inspect the documents at the DA's office, the documents were eventually returned to the defendants at the conclusion of the DAs investigation.. Wallace indicated today that Plaintiffs' counsel reviewed documents at the DA's Office and bates stamped them. Mr. Zabel states that they did not review documents at the DA's Office, although the documents were eventually returned to his client. After further discussion, the Court informed the parties that there was no basis to preclude the defendants' exhibits on timeliness grounds. As to admissibility, that is a different story and any objections to exhibits will be addressed at trial.

3. No document which is objected to by a party is to be introduced, even for purposes of identification, until such time as the Court has ruled on the admissibility of the exhibit. The Court will not have the jurors kept waiting while an extensive arguments are put forward concerning exhibits. Counsel shall be prepared to address these issues in groups if necessary, prior to the start of trial each morning, or during the lunch break, or after trial has concluded for the day. Counsel were also directed to have case law on hand to support any arguments with respect to admissibility.

4. Counsel for both sides represented that they will not be using any demonstrative exhibits during their opening statements. Any anticipated demonstrative exhibits must be shown to opposing counsel and the Court before being utilized at trial.

5.      Both sides shall have exhibit binders prepared on Monday for the jury and the Court. The attorneys will be able to use the "Elmo" in the courtroom to display exhibits.

                                                        **SO ORDERED.**

                                                  /s/ A. Kathleen Tomlinson
                                                  A. KATHLEEN TOMLINSON
                                                  U.S. Magistrate Judge