You **UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

NELSON QUINTANILLA, ALEJANDRO
AMAYA, ALEX AMIR AREVALO, MAYNOR
FAJARDO, WALTER GARCIA, JOSE L.
MARTINEZ, PRACELIS MENDEZ, OSMAR W.
PAGOADA, JAVIER QUINTANILLA, EDVIN
RIVERA, CARLOS ESCALANTE, KEVIN
GALEANO, LERLY NOE RODRIGUEZ, JOSE
VEGA CASTILLO, JUAN QUINTEROS, and
MARCOS TUILIO PEREZ,

                    Plaintiffs,
    - against -
                                   CV 09-5331 (AKT)

SUFFOLK PAVING CORP., SUFFOLK
ASPHALT CORP. LOUIS VECCHIA,
CHRISTOPHER VECCHIA, HELENE
VECCHIA and JOHN DOES 1-5,

                    Defendants.
-----------------------------------------------------------X

**FINAL ORDER APPROVING SETTLEMENT**
**AND DISMISSAL WITH PREJUDICE OF CLAIMS**

**A. KATHLEEN TOMLINSON, U.S. Magistrate Judge:**

       The Court, having reviewed the Third Amended Complaint filed in this case by NELSON QUINTANILLA, ALEJANDRO AMAYA, ALEX AMIR AREVALO, MAYNOR FAJARDO, WALTER GARCIA, JOSE L. MARTINEZ, PRACELIS MENDEZ, OSMAR W. PAGOADA, JAVIER QUINTANILLA, EDVIN RIVERA, CARLOS ESCALANTE, KEVIN GALEANO, LERLY NOE RODRIGUEZ, JOSE VEGA CASTILLO, JUAN QUINTEROS, and MARCOS TUILIO PEREZ (collectively, "Plaintiffs"), the Defendants' Answer to the Third Amended Complaint; having assessed the claims and defenses raised by the Parties; having presided over multiple discovery conferences; having rendered decisions on various discovery issues and

motions; having ruled upon Defendants' motion for summary judgment; having presided over several days of trial before this settlement was reached, with the resolution having been achieved during the trial through the auspices of United States Magistrate Judge Arlene Lindsay; having reviewed the damages calculations; having considered the applicable case law; having carefully reviewed the proposed Settlement Agreement and General Release; and for good cause shown, hereby ORDERS, ADJUDGES, and DECREES that:

1.  The Settlement Agreement, to the extent it addresses claims under the Fair Labor Standards Act and the New York Labor Law:  (a) is the result of arm's-length negotiations and is fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Plaintiffs' claims; and (c) demonstrates a good-faith intention by the Parties (i) to fully and finally resolve the Plaintiffs' claims for liability and damages under the Fair Labor Standards Act and the New York State Labor Law and (ii) not to re-litigate in whole or in part, at any point in the future, the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiffs' wages while employed by the Defendants.

2.  The Settlement Agreement meets the standard set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) in that: (a) the potential outcome is affected by, among other things, the sharply contested issue whether Plaintiffs worked overtime hours as well as the number of hours worked per workweek, whether Plaintiffs were paid the prevailing wage and spread of hours pay, whether Plaintiffs should have been compensated for the time spent traveling to and from job sites - with the early testimony of one Plaintiff inconsistent with certain allegations asserted in the pleadings; (b) the potential outcome is also affected by the records which the Defendants did produce; (c) Plaintiffs face the risk of delay of payment if the litigation proceeds in addition to the risk of an adverse finding and the prospect of an appeal;  (d) the

potential exists of defense witnesses providing testimony in conflict with the Plaintiffs' testimony; (e) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses at trial; (f) the settlement is clearly the product of arm's-length negotiations between experienced counsel with the assistance of United States Magistrate Judge Arlene Lindsay; and (g) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335 (internal quotations omitted).

3. The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions or non-disparagement provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is narrowly tailored to the FLSA and NYLL claims asserted in this litigation; and (c) the attorney's fees, which equate to approximately one-third (*i.e.*, 33.3%) of the total settlement amount are fair and consistent with the provisions of the retainer agreement between Plaintiffs and their counsel.

4. The Plaintiffs' Releases of the Defendants as partial consideration for the settlement are sufficiently limited to deem the releases fair and proper.

5. Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the apportionment of one-third of the settlement amount to the attorney's fees and costs, as provided in the Settlement Agreement, is a fair and reasonable reflection of the services rendered to the Plaintiffs by their counsel, The Law Offices of Ian Wallace, PLLC, by Ian Wallace, Esq. Such apportionment is well within the parameters set by courts in this Circuit. *See, e.g., Xiaoj Zheng v. Cromex, Inc.*, 17 Civ. 0168, 2018 WL 1989566, at *3 (S.D.N.Y. Apr. 25, 2018); *Alvarez v. Sterling Portfolio Inv., LP*, 16 Civ. 5337, 2017 WL 8790990, at *4-5

(E.D.N.Y. Dec. 13, 2017); *Ezpino v. CDL Underground Specialists, Inc.*, 14 Civ. 3173, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017); *Pucciarelli v. Lakeview Cars, Inc.*, 16 Civ. 4751, 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017); *Karic v. Major Auto. Cos.*, 09 Civ. 5708, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016); *Abrar v. 7-Eleven, Inc.*, 14 Civ. 6315, 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016). The Court finds fair and reasonable the $94,600 in attorney's fees and $8,000 in costs sought by Plaintiffs as part of the settlement.

The Court has also used counsel's lodestar to cross-check the reasonableness of the percentage fee. The lodestar is based on the number of hours expended on the case multiplied by counsel's hourly rate. "Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable." *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 388–89 (S.D.N.Y. 2013) (quoting *In re IPO Sec. Litig.*, 671 F. Supp. 2d 467, 506 (S.D.N.Y. 2009)). Here, the Court finds that the hours reported at an hourly rate of $385 are reasonable. Significantly, the fee requested here is less than the lodestar.

6. In light of the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable. The settlement is therefore APPROVED by the Court.

7. Pursuant to the terms of the Settlement Agreement, the Court retains jurisdiction of this matter for purposes of enforcement of the settlement.

8. This lawsuit and the claims of the Plaintiffs asserted in it are DISMISSED, WITH PREJUDICE, in their entirety. The Court will separately enter the Stipulation of Dismissal for this action.

9. Each party shall bear its own costs, except as provided to the contrary in the Settlement Agreement and in this Order.

4

**SO ORDERED**.

Dated: Central Islip, New York
       November 26, 2019

                                      /s/ A. Kathleen Tomlinson
                                      A. KATHLEEN TOMLINSON
                                      U.S. Magistrate Judge